UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

| | |
|---|---|
| PHOEBE NICOLE HARRIS,<br>*PLAINTIFF*<br><br>VS.<br><br>NCB MANAGEMENT SERVICES, INC.<br>AND FIRST CREDIT SERVICES, LLC<br>*DEFENDANTS* | CASE NO.: 4:26-cv-9466<br><br>DEMAND FOR JURY TRIAL |

PLAINTIFF'S ORIGINAL COMPLAINT

1. First Credit Services, LLC, as a collector for NCB Management Services, Inc., did not only contact Plaintiff Phoebe Nicole Harris regarding collection on a loan remaining after Ms. Harris had voluntarily turned her automobile over to the lender. Instead, Defendants contacted her mother, sending text messages concerning Plaintiff's debt despite knowing Plaintiff's contact information.
2. Defendants' disclosure of Plaintiff's private financial affairs to her mother caused Plaintiff significant embarrassment, humiliation, and emotional distress, and strained their relationship. Plaintiff had been keeping her own business private as she did not want her mother's concern and condemnation; but Defendants attempted to collect on the debt by contacting Plaintiff's mother.
3. Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code § 392.001 et seq. ("TDCA").

## I. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiff's FDCPA claim pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).
5. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claim that they form part of the same case or controversy.
6. This Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.
7. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims — including Plaintiff's mother's receipt, within this District and Division, of the unlawful communication at issue — occurred in this District and Division.

## II. PARTIES

8. Plaintiff Phoebe Nicole Harris is a natural person residing in Magnolia, Texas, within the Houston Division of the Southern District of Texas.
9. Defendant NCB Management Services, Inc. is a Pennsylvania corporation with its principal place of business at 1 Allied Drive, Suite 1, Trevose, Pennsylvania 19053. NCB's registered agent for service of process in Texas is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.
10. Defendant First Credit Services, Inc. ("First Credit") is a debt-collection company with its principal place of business at 9 Wills Way, Piscataway, New Jersey 08854. First Credit's registered agent for service of process in Texas is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, whose registered office address is 211 E. 7th Street, Suite 620, Austin, Texas 78701.

//
//

## FACTUAL ALLEGATIONS

### A. THE UNDERLYING VEHICLE FINANCING, REPOSSESSION, AND DEFICIENCY DEBT

11. Plaintiff financed the purchase of a motor vehicle through a retail installment contract with Santander Bank.
12. Unfortunately, during 2023, Plaintiff fell behind on her payment obligations under the contract. Because the amount Plaintiff owed on the vehicle exceeded the vehicle's value, Plaintiff was unable to trade in or refinance the vehicle. Plaintiff made arrangements for the vehicle to be voluntarily repossessed as she could no longer afford the payments.
13. Following repossession, the vehicle was sold at auction. The proceeds of that sale were insufficient to satisfy the balance owed under the contract, leaving a deficiency balance.
14. After the debt was already in default, Santander sold or assigned the deficiency debt to NCB, a debt buyer regularly engaged in acquiring defaulted consumer debts for collection.
15. NCB thereafter engaged First Credit to collect the deficiency debt from Plaintiff on NCB's behalf.

### B. FIRST CREDIT'S PATTERN OF DIRECT CONTACT WITH PLAINTIFF, AND ITS UNAUTHORIZED DISCLOSURE OF THE DEBT TO PLAINTIFF'S MOTHER

16. NCB and First Credit had Plaintiff’s contact information. They attempted to collect the remaining balance on the car loan from Plaintiff with text messages, calls, and emails. These communications went to Plaintiff directly. Unfortunately, Plaintiff did not have money to pay the remainder of the loan. If she had, she would not have had to let the car get repossessed to Santander in the first place.
17. While she was not happy about having to give up her vehicle and being unable to pay the loan, Plaintiff made the best of the situation and did

not involve her parents in her financial problem. She had a lot on her plate and wanted to keep others out of her business so they would not bring about embarrassment or judgment.

18. On or about July 13th, 2026, however, First Credit sent a text message concerning the alleged debt directly to Plaintiff's mother.

19. The text message First Credit sent to Plaintiff's mother stated: " PHOEBE, First Credit Services Inc is texting about a debt owed with NCB MANAGEMENT SERVICES, INC.. Your account info is available 24/7 on First Credit Service, Inc. (Debt collector)'s self-service website at pay.fcsresolve.com. Reference Number QIB878.".

20. Plaintiff's mother is not Plaintiff's attorney, is not a consumer reporting agency, is not the creditor or the creditor's attorney, and is not First Credit's or NCB's attorney. Plaintiff had not consented, and no court had granted permission, for First Credit or NCB to communicate with Plaintiff's mother regarding the debt.

21. Furthermore, Defendants had Plaintiff's contact information as she was already being contacted by First Credit, so Defendants could not state that they were seeking location information.

22. Additionally, Defendants did not simply text a short message requesting that Plaintiff's mother contact them about an important business message; rather, they directly stated that they were collecting a debt.

C. PLAINTIFF'S DAMAGES

23. As a direct and proximate result of Defendants' disclosure of Plaintiff's private financial affairs to her mother, Plaintiff has suffered significant embarrassment and humiliation, knowing that her mother learned of Plaintiff's financial difficulties from a stranger rather than from Plaintiff herself.

24. Plaintiff's mother reacted to the disclosure with surprise and concern and she immediately began to question Plaintiff about the alleged debt

and her financial circumstances and why had she not told them of this problem.

25. Plaintiff was embarrassed and distressed that her mother had learned of a private financial matter without Plaintiff’s knowledge or consent. The disclosure caused Plaintiff to feel exposed and judged, made subsequent conversations with her mother uncomfortable, and caused Plaintiff to withdraw from communications that she previously would have welcomed. That reaction has caused Plaintiff additional distress and has strained Plaintiff’s relationship with her mother.

26. Plaintiff continues to suffer emotional distress, anxiety, and a diminished sense of privacy and security as a direct result of Defendants' conduct.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692C(B)

## AGAINST ALL DEFENDANTS

27. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and the obligation at issue is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. Defendants NCB and First Credit are each "debt collectors" as defined by 15 U.S.C. § 1692a(6), as alleged above, and First Credit acted as NCB's agent in the conduct described below.

30. In connection with the collection of Plaintiff's debt, First Credit communicated with Plaintiff's mother, a third party, regarding the debt.

31. Plaintiff's mother is not a person with whom communication regarding the debt is permitted under 15 U.S.C. § 1692c(b) — she is not Plaintiff's attorney, a consumer reporting agency, the creditor, the creditor's attorney, or Defendants' attorney. Furthermore, Defendants did not require location information for Plaintiff.

32. Neither First Credit nor NCB had Plaintiff's prior consent, directly given

or granted by a court of competent jurisdiction, to communicate with Plaintiff's mother regarding the debt, and the communication was not reasonably necessary to effectuate a post-judgment judicial remedy.

33. To the extent Defendants contend that First Credit's communication with Plaintiff's mother was for the purpose of acquiring location information about Plaintiff under 15 U.S.C. § 1692b, Defendants were nonetheless prohibited from stating that Plaintiff owes any debt when making such a communication.
34. First Credit's text message to Plaintiff's mother stated or implied that Plaintiff owed a debt.
35. By so doing, Defendants violated 15 U.S.C. § 1692b(2).
36. Section 1692d prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.
37. First Credit's act of disclosing Plaintiff's alleged debt to Plaintiff's mother — a family member with no legal responsibility for the debt — had the natural consequence of harassing, oppressing, and abusing Plaintiff, by exposing her private financial affairs to a family member and subjecting her to embarrassment and distress.
38. Defendants' conduct violated 15 U.S.C. § 1692d.
39. Section 1692f prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.
40. Defendants' act of contacting Plaintiff's mother to collect or attempt to collect Plaintiff's debt, without permissible purpose, and in a manner disclosing the existence of the debt to an uninvolved third party, constitutes an unfair and unconscionable means of debt collection independent of, and/or cumulative to, the specific violations alleged above.
41. Defendants' conduct violated 15 U.S.C. § 1692f.
42. As a direct and proximate result of Defendants' violations, Plaintiff suffered actual damages, including emotional distress, embarrassment,

and damage to her relationship with her mother.

COUNT II

VIOLATION OF THE TEXAS DEBT COLLECTION ACT § 392.302

AGAINST ALL DEFENDANTS

43. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.
44. Plaintiff is a "consumer" and the obligation at issue is a "consumer debt" as those terms are defined in Tex. Fin. Code § 392.001.
45. First Credit and NCB Management Services are both "third-party debt collectors" as defined in Tex. Fin. Code § 392.001(7). NCB purchased the debt after it was already in default and First Credit is collecting on behalf of NCB.
46. Tex. Fin. Code § 392.302 prohibits a debt collector from oppressing, harassing, or abusing any person in connection with debt collection.
47. By disclosing Plaintiff's debt to Plaintiff's mother, Defendants oppressed, harassed, and abused Plaintiff in connection with the collection of the debt, in violation of Tex. Fin. Code § 392.302.
48. NCB is liable for First Credit's conduct as the owner of the debt who engaged First Credit to collect it on NCB's behalf, and under principles of agency.
49. As a direct and proximate result of Defendants' violation, Plaintiff suffered actual damages as alleged above.

COUNT III

DECEPTIVE TRADE PRACTICE, TEX. BUS. & COM. CODE § 17.50, VIA TEX. FIN. CODE § 392.404(A)

AGAINST ALL DEFENDANTS

50. Plaintiff repeats and realleges each and every allegation set forth above

as if fully restated herein.

51. Tex. Fin. Code § 392.404(a) provides that a violation of Chapter 392 of the Texas Finance Code is a deceptive trade practice actionable under Subchapter E, Chapter 17 of the Texas Business & Commerce Code (the Texas Deceptive Trade Practices–Consumer Protection Act, or "DTPA").
52. As alleged in Counts VI and VII above, Defendants violated Tex. Fin. Code §§ 392.302 and 392.304(a)(19).
53. Defendants' violations were committed knowingly, entitling Plaintiff to additional damages under Tex. Bus. & Com. Code § 17.50(b)(1).
54. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic damages and non-economic damages, including but not limited to attorney fees and extreme emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants as follows:

a. Awarding Plaintiff her actual damages, including damages for emotional distress, embarrassment, pain, and suffering;
b. Awarding statutory damages under 15 U.S.C. § 1692k(a)(2)(A) in the maximum amount permitted by law;
c. Awarding statutory damages under Tex. Fin. Code § 392.403(a) in the amount permitted by law;
d. Awarding additional and treble damages for Defendants' knowing and intentional conduct under Tex. Bus. & Com. Code § 17.50(b)(1);
e. Awarding Plaintiff her reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(a), and Tex. Bus. & Com. Code § 17.50(d);
f. Awarding pre-judgment and post-judgment interest as permitted by law; and
g. Granting such other and further relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## EMAIL FOR ELECTRONIC SERVICE

Plaintiff's email address for electronic service is: cpfiling@cimentlawfirm.com

Dated: October 27, 2026

Respectfully submitted,



Amy Beth Clark
State Bar No. 24043761
amy@cimentlawfirm.com
221 Bella Katy Drive
Katy, Texas 77494
Telephone: (210) 294-9273
*eService: cpfiling@cimentlawfirm.com*
*ATTORNEY FOR PLAINTIFF*